MATHEWS, Justice.
This Í9 an appeal from a final decree entered by the Circuit Court of Pinellas County finding that the liens for intangible personal property taxes on real property became void under Chapter 20,724 Acts of Florida 1941, F.S.A. § 199.01 et seq., after seven years from the date of the issuance of executions.
In and by the final decree the Chancellor held:
“ * * * the Court finds and holds that in repealing Chapter 15,789, Florida. Laws of 1931, and enacting Chapter 20,724, Acts of Florida, 1941, wherein provision was made for collecting intangible personal property taxes by executions, which method was not a part of the 1931 Act, and providing that such executions were good and valid for only seven years from the date of their issuance and thereafter were void and, of no force and effect, it must have been and was the intention of the Legislature to limit the duration of the tax lien to the life of the execution, as otherwise there would have been little or no reason for enacting Chapter 20,724, Acts of 1941, and repealing Chapter 15,789, Acts of 1931.”
After making .the above finding the Court then ordered and adjudged that the liens in question no longer existed and' that they had expired and were of no force or effect as to real estate involved, and that such real estate was no longer encumbered with the liens on account of the said taxes.
The appellants insist that the liens continue to encumber the real estate until the taxes are paid and cite 84 G.J.S., Taxation, § 595, to the effect that, “In the absence of a statutory provision as to the duration of the lien, it continues until the tax is paid.” This contention may be true but in the case now presented there is a statutory provision and under this statute the Chancellor correctly held that the liens against the real estate were void.
The appellants failed to meet the burden of showing any reversible error in the final decree.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur